Sternberg *v.* Dixon (et al., Appellant).

544

Argued November 13, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*George J. Lavin, Jr.,* for appellants.

*Albert H. Friedman,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 2, 1963:

This is an appeal by the additional defendants from the order of the court below granting a new trial to plaintiff Alyse Sternberg, after a jury verdict in her favor for $10,000 against the original defendant, Andrew Dixon only.

Jacob J. Sternberg and his wife, Alyse Sternberg, were passengers in an automobile owned by Mr. Sternberg and operated by Martin Kesselman, the son-in-law of Mr. and Mrs. Sternberg. The Sternberg auto-

mobile, westbound on Sansom Street, in Philadelphia, about 4:30 p.m. on June 2, 1957, was struck, in the left rear side as it was clearing the intersection, by an automobile driven by Andrew Dixon, which was proceeding northbound on 16th Street.

Mr. and Mrs. Sternberg sued Andrew Dixon in trespass for personal injuries and property damage. The plaintiffs' actions were severed and Martin Kesselman and Jacob J. Sternberg were joined as additional defendants in the action by Mrs. Sternberg. The jury returned verdicts in favor of Jacob J. Sternberg in the amount of $5,000 and in favor of Aylse Sternberg in the amount of $10,000 against Andrew Dixon only. Mrs. Sternberg moved for a new trial which was granted. The additional defendants, Mr. Kesselman. and Mr. Sternberg appealed.

The scope of our review is well established in reviewing the grant of a new trial. In *F. C. Haab Co., Inc. v. Peltz Street Terminal Inc.,* 407 Pa. 276, 180 A. 2d 35 (1962), page 278, we said: "This principle was most recently enunciated by Mr. Chief Justice BELL in Bohner v. Eastern Express, Inc., 405 Pa. 463, 472, 175 A. 2d 864 (1961), wherein he quoted the language of Segriff v. Johnston, 402 Pa. 109, 114, 166 A. 2d 496 (1960), as follows: 'We will not reverse the grant of a new trial unless (1) there was a clear abuse of discretion or (2) an error of law which controlled the outcome of the case, . . . [citing numerous recent cases].' " The trial judge in the opinion granting a new trial said: "The court has carefully examined all of the testimony relative to the issue of negligence, particularly the testimony of additional defendant Kesselman which plaintiff contends establishes negligence on his part, and we must conclude that a positive case of negligence on Kesselman's part is not so evident as to rule that as a matter of law the jury erred by not finding against Kesselman as well as against Dixon.

Accordingly, the issue of negligence in this case presented a question for the jury and was not such as could be ruled upon as a matter of law by the court. Enfield v. Stout, 400 Pa. 6, 12 (1960); Gross v. Smith, 388 Pa. 92, 95-98 (1957); Rasmussen v. Dresnin, 382 Pa. 51, 53-56 (1955)."

The court, after discussing the relevant testimony pertaining to the injuries sustained by Mrs. Sternberg and the seriousness and permanency of the injuries said: "Therefore, this court must conclude upon a careful study of this record that the amount of the verdict awarded to plaintiff Alyse Sternberg is inadequate to fairly and justly compensate her for the multiple injuries, losses, disability, disfigurement and pain, suffering and inconvenience caused by this accident. See, Greco v. 7-Up Bottling Company of Pittsburgh, 401 Pa. 434, 451-452 (1960); Todd v. Bercini, 371 Pa. 605, 607-608 (1952). Accordingly, plaintiff Alyse Sternberg's motion for a new trial is granted."

Counsel for the parties asked the court for clarification of the opinion granting plaintiff's motion for a new trial as to the extent of the order of new trial. The court filed an "Addendum to Opinion" in which the court said: "Subsequently, counsel have requested an addendum thereto regarding which of the parties are affected by the granting of plaintiff's new trial motion.

"The new trial is granted as against the defendant and the additional defendants, named above. None of the various defendants is excepted by the court's ruling.

"In its opinion the court concluded that a new trial must be granted due to the inadequacy of the verdict. The court further concluded that the alleged negligence of additional defendant Martin Kesselman was a question for the jury and one which could not be ruled upon as a matter of law by the court,

thereby denying plaintiff's reason for a new trial that the jury erred as a matter of law in this regard. However, the court did not rule as a matter of law that additional defendant Kesselman was not negligent as a matter of law by stating that the issue of his negligence was a question for the jury. To so interpret the opinion would be reading into it a conclusion not made therein.

"Accordingly, all parties will stand trial again and all issues as to liability and damages will be resubmitted to a new jury for determination."

Mr. Kesselman's testimony relevant to the collision was that as he approached the intersection of 16th Street with Sansom Street and he slowed the automobile and looked to his left, which would be south, the light controlling traffic at the intersection turned green for Sansom Street. He proceeded across 16th Street and observed two north-bound cars on 16th Street approaching the intersection. One of the automobiles travelling in the center of the street was slowing down and the car to its left, proceeding on the westerly side of 16th Street and to the rear of the car in the center of the street was approaching the intersection at a faster rate of speed. Mr. Kesselman presumed that it was going to obey the red light and stop and he continued to cross the intersection and when the front of the car he was operating reached the curb, he glanced around and saw the car was on top of him and he realized there would be a collision. Kesselman tried to step on the gas to get out of the way but was struck.

The automobile approaching the intersection which was proceeding in the center portion of 16th Street was being operated by Marvin Morgan, who was called as a witness. He testified that the car going west on Sansom Street, across the intersection was proceeding with the green light in its favor and it was going

very slow. When it reached the west side of 16th Street the front end of the car was past the intersection, that is the curb line, the car travelling north on 16th Street struck the tail-end of the car on Sansom Street. He testified the traffic control light was red for 16th Street.

The trial judge submitted the case to the jury which was correctly charged and particularly with respect to the duty and liability of operators of vehicles at intersections. The court correctly charged the jury with respect to the law pertaining to the duty of drivers at traffic controlled intersections. The evidence before the jury for its consideration was the conduct of both the defendant Dixon and the additional defendant Kesselman. The jury found Dixon negligent and exonerated Kesselman. The jury resolved the factual dispute and the charge was free of reversible error.

A review of the record indicates Mrs. Sternberg suffered serious and permanent injuries. The verdict of $10,000 was inadequate and the court so held and it was warranted in granting a new trial by reason of the inadequacy of the verdict returned for her, she having suffered serious injuries, including multiple fractures and lacerations, resulting in severe pain and permanent disability and disfigurement. However, this is not a proper reason for a retrial of all of the issues previously determined in a trial free of error. The sole reason for granting a new trial was the inadequancy of the verdict. There was ample evidence which proved the accident due to the sole negligence of the defendant Andrew Dixon, and the jury was justified in finding no negligence on the part of Mr. Kesselman. The court committed a clear abuse of discretion in granting a new trial as to the additional defendants who, having been exculpated from any negligence, should not again be subject to another trial. *Greco v. 7-Up Bottling Company of Pittsburgh,* 401

Pa. 434, 165 A. 2d 5 (1960) ; *Jones v. Williams,* 358 Pa. 559, 58 A. 2d 57 (1948) ; *Fitzpatrick v. Sheppard,* 346 Pa. 240, 29 A. 2d 475 (1943).

This is a proper case, since the defendant does not complain about his non-liability, for the new trial to be restricted to the damages for Mrs. Sternberg. *Daugherty v. Erie Railroad Company,* 403 Pa. 334, 169 A. 2d 549 (1961).

The order granting a new trial as to Martin Kesselman and Jacob Sternberg is reversed and judgment entered on the verdict. The order granting a new trial as to Mrs. Sternberg against Andrew Dixon is affirmed, the trial to be limited to the issue of damages.