## Anderson *v.* Pittsburgh Railways Company, Appellant.

Argued September 29, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Leo Daniels,* with him *Prichard, Lawler & Geltz,* for appellant.

*Paul G. Kachulis,* with him *Louis C. Glasso,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 4, 1967:

This action for personal injuries arose out of a collision which occurred on the afternoon of April 25, 1959, between a streetcar owned by Pittsburgh Railways Company (Railways) and operated by its employee, and an automobile driven by Clarence A. Joseph (Joseph).[1] Appellees, Margaret Anderson and her daughter, Gladys Annette Anderson, were passengers aboard the streetcar.

Margaret Anderson and Gladys Annette Anderson, by Allen Anderson, her parent and natural guardian, sued Railways in an action of trespass to recover damages allegedly suffered by them in the collision, and Allen Anderson sued to recover damages in his own right. Railways joined Joseph as an additional defendant, and the matter was tried by a court and jury.

The record discloses that the streetcar and the automobile, driven by Joseph, collided when the automobile was approximately 2/3 of the way through the intersection. The automobile had proceeded into the intersection without stopping at a stop sign and, according to testimony of the operator of the streetcar, the driver was looking away, apparently in conversation with the woman seated beside him. The motorman related he immediately applied his brakes and the automobile was struck along its left rear door and fender, when the streetcar was 2/3 of the way into or across the intersection. The motorman testified that immediately after the accident, he turned to his right and saw no one lying on the floor of the streetcar, but as he turned to his right again upon getting out of the street-

---

[1] Joseph died during the pendency of the action, from causes unrelated to this accident, and his administrator was substituted.

car, he saw appellees seated side by side in the street-car where he had seen them previously. The motorman further testified that: "I asked her was she hurt and if the child was hurt.", and that Mrs. Anderson replied: "No."

The motorman's testimony revealed that in addition to Mrs. Anderson telling him she was not hurt, she related that the minor child was thrown from her arms. In his accident report, the motorman listed the child as injured and Mrs. Anderson, along with other passengers at the front of the car, as potential witnesses. Subsequently, Mrs. Anderson was treated by her family physician for injuries allegedly sustained to her back as a result of the accident.

The jury found the defendant, Railways, "not negligent", and the additional defendant "guilty of negligence", and awarded the sum of $100 to the minor-appellee, Gladys Anderson, with a like sum to her father as guardian, for her medical expenses. Plaintiff-appellees moved the court below for a new trial, which was granted by the court en banc which, in its opinion, stated: "The jury's verdict was against the weight of the credible evidence and inconsistent with the physical facts of the case as established by the defendant, Pittsburgh Railways Company. The verdict shocked the conscience of the court. It is for the reasons outlined that the court felt impelled to grant a new trial to the plaintiffs as against both defendants."

This appeal followed.

In *Sternberg v. Dixon*, 411 Pa. 543, 545, 192 A. 2d 359 (1963), we said: "The scope of our review is well established in reviewing the grant of a new trial. In F. C. Haab Co., Inc. v. Peltz Street Terminal Inc., 407 Pa. 276, 180 A. 2d 35 (1962), page 278, we said: 'This principle was most recently enunciated by Mr. Chief Justice BELL in Bohner v. Eastern Express, Inc., 405 Pa. 463, 472, 175 A. 2d 864 (1961), wherein he quoted

the language of Segriff v. Johnston, 402 Pa. 109, 114, 166 A. 2d 496 (1960) as follows: "We will not reverse the grant of a new trial unless (1) there was a clear abuse of discretion or (2) an error of law which controlled the outcome of the case, . . . [citing numerous recent cases]." ' "

In granting a new trial, the court below in its opinion stated: "The trial court realizes fully that a new trial may not be granted merely because the court would have reached a different conclusion from the testimony presented than the jury reached. The appellate courts have held, however, that where a trial court sees and hears the witnesses, it has not only an inherent fundamental and salutary power, but it is its duty, to grant a new trial when it believes the verdict was capricious or against the weight of the evidence and resulted in a miscarriage of justice. Clewell v. Pummer, 388 Pa. 592 (1957), at p. 598, and the cases were [sic] cited.

"Significantly, this is not a case where there is divergent testimony as to the physical facts—vehicle speeds, view of the motorman and automobile operators from various positions, location of the stop sign, and street dimensions. This evidence was all introduced by defendant railways company. The divergent testimony was produced by its own witnesses." The trial court, after discussing the evidence pertaining to the injuries sustained by Mrs. Anderson, found that: "The jury's verdict was against the weight of the credible evidence and inconsistent with the physical facts of the case as established by the defendant, Pittsburgh Railways Company."

In carefully reviewing the record, we find that the testimony of the various parties as to what had actually occurred was in conflict. Mrs. Anderson stated on direct examination: "Well, Mr. Perkins [the motorman] boarded the streetcar, like I say, and was still fussing

with his clothing, tie or something. And he had this box and he was bent over. And he was fussing around and he put his foot on the accelerator. He never lifted his head but put his foot on it and there was a lurch. My daughter and I went backwards and came and hit our heads on the pole and was thrown into the aisle. And with that, seconds later, we heard a crash and then I was picking myself up and my daughter. She went immediately to sleep." This testimony of Mrs. Anderson's was contradicted by the testimony of both the motorman and Mrs. Shelly, another passenger. Mrs. Shelly testified that at no time was Mrs. Anderson on the floor after the happening of the accident. This was also the testimony of the motorman, William Perkins. It is true that both Mr. Perkins and Mrs. Shelly's husband are employed by the Pittsburgh Railways Company, however, this fact alone does not destroy their competency as witnesses. The trial court recognized this fact in its charge to the jury and gave proper instructions on the weight to be given to their testimony in the light of their interest. Having an interest in the proceedings no longer disqualifies a person as a witness. Act of May 23, 1887, P. L. 158, §4, 28 P.S. §314. A party's interest may affect his credibility but not his competency. This is a fact that the jury must weigh in its decision as to the amount of weight to be given to the testimony, and the jury was so instructed. See *Denner v. Beyer,* 352 Pa. 386, 391, 42 A. 2d 747 (1945).

It is apparent that the trial court recognized the dilemma facing the jury when in its charge it stated: "Now, the law is that the mere happening of an accident does not make a defendant liable. In order for a plaintiff to recover in an accident, it must be shown by the fair weight of the evidence that there has been negligence or the want of due care on the part of one or all of the defendants in the case. . . . As you know, there are no scales of justice in this courtroom. This

is a term that we use merely to express the theory of even hand of justice. And nobody is weighing the testimony. It isn't the number of witnesses. But in your mind, you do weigh it and the plaintiff must determine, must show by the fair weight of the evidence that there has been negligence, that this negligence caused the accident and that one or more of the parties have joined in contributing to the cause of the accident. If you find that it is one of the parties, then you would find a verdict against the person you feel was at fault. If you find one of the parties was not at fault, you would not find a verdict against that person. If you find that they are all at fault, then you could find a joint verdict. That is the basic law that is applicable." The jury was therefore called upon to decide the question of whether the appellees had met their burden of proof to show that either or both defendants were negligent and that the negligence of either or both defendants was the proximate cause of the accident. It is apparent that the jury, upon hearing the conflicting testimony, concluded that the motorman was not negligent in his operation of the streetcar, and that Mrs. Anderson sustained no injury resulting from the accident.[2]

Credibility of witnesses is to be determined by the jury. In this case, the evidence was in conflict and the jury, obviously unable to reconcile the conflict, found, and so stated in its verdict, that the additional defendant was "guilty of negligence" and that the original defendant was "not negligent". Our review of the record convinces us that the jury was justified in so finding and the court below, therefore, abused its discretion in invalidating the jury's conclusion.

As to the physical facts of the case, we have often said that the incontrovertible physical facts rule is

[2] The record is clear that Mrs. Anderson is suffering from a back injury. However, the jury was justified in finding that the injury did not result from this accident.

never applied where such conclusion depends on estimates of distances and speed of moving objects. See *Cunningham v. Pa. R. R. Co.,* 352 Pa. 571, 575, 43 A. 2d 825 (1945). See also *Gregg v. Fisher,* 377 Pa. 445, 450, 105 A. 2d 105 (1954). "It is a well settled rule in Pennsylvania that incontrovertible physical facts cannot be established by oral evidence as to the position, movement, or speed of moving objects." *McGavern v. Pittsburgh Rwys. Co.,* 378 Pa. 13, 105 A. 2d 342 (1954).

As we said in *Pierontoni v. Barber,* 384 Pa. 56, 119 A. 2d 503 (1956), speaking through Mr. Justice MUS-MANNO: "Where the event under discussion is not blueprinted from lines drawn with the transit and measuring tape of mathematical exactitude, but is reproduced more in the nature of a moving picture which is being projected through oral testimony as to speed, changing positions, and estimates, it is for the jury, and not the Court, to decide whether the final portrayal answers the demands of realizable truth." This is not such a fact situation as lends itself to application of the uncontrovertible physical facts rule, and the granting of a new trial on that basis is not justified, but comes under the aforementioned rule set forth in *Pierontoni,* supra.[3]

The order of the court below granting a new trial as to defendant Pittsburgh Rwys. Company is reversed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice MUSMANNO dissents.

---

[3] The trial judge did not rely on the uncontrovertible physical facts doctrine in granting a new trial, but rather, only on the "physical facts of the case."