Cwiakala, Appellant, *v.* Paal.

Argued September 29, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Albert E. Acker,* with him *Cusick, Madden, Joyce, Acker and McKay,* for appellant.

*Robert E. Jamison,* with him *Jamison and Jones,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 14, 1967:

In this trespass action, the jury found a verdict for defendant; the lower Court denied plaintiff's motion for a new trial; and from the Judgment entered on the verdict plaintiff took this appeal.

Plaintiff-appellant was a guest passenger in a car driven by Miss Trimble. The Trimble car collided with defendant's car, with resulting injuries to plaintiff. The Trimble car was going south over the knob of a hill while defendant's car was going north up the hill. The Trimble car was traveling 25 to 35 miles an hour. Defendant's car was traveling at the bottom of the grade 25 to 35 miles an hour. According to the testimony of the defendant, halfway up the hill the rear of defendant's car began to slide or skid to the left; he immediately released the accelerator, tried to straighten the car and succeeded in straightening it so that the rear of his car was across the center of the road (which had no center line painted thereon), and was *stopped* a foot or a foot and a half over the center of the road when the Trimble car came over the knoll. The Trimble car was there a car length or one and a half car lengths away from him. It had been raining that day and the road was damp.

On the other hand, Miss Trimble testified that when she came over the top of the hill she saw defendant's car, which was entirely on her side of the road and was still moving, that she swerved to her right in order to avoid defendant's car, but that in spite of her efforts

defendant's car struck her car and pushed her car back on the road.

Plaintiff contends that the jury's verdict (1) was against the weight of the evidence and (2) was a capricious disregard of the credible evidence, each of which would be sufficient to require a trial Court to grant a new trial. *Clewell v. Pummer*, 388 Pa. 592, 598, 131 A. 2d 375; *Ferruzza v. Pittsburgh*, 394 Pa. 70, 83, 145 A. 2d 706; *Sarachman v. Avery*, 419 Pa. 330, 333, 214 A. 2d 247; *Anderson v. Pittsburgh Railways Co.*, 423 Pa. 550, 554, 225 A. 2d 548. In *Anderson v. Pittsburgh Railways Co.*, supra, the Court said (page 554): "The appellate courts have held, however, that where a trial court sees and hears the witnesses, it has not only an inherent fundamental and salutary power, but it is its duty, to grant a new trial when it believes the verdict was capricious or against the weight of the evidence and resulted in a miscarriage of justice. Clewell v. Pummer, 388 Pa. 592 (1957), at p. 598, and the cases were [sic] cited."

Plaintiff also contends that a new trial should be granted because the lower Court permitted, over plaintiff's objection (see infra), testimony that defendant was the sole support of his widowed mother.

The test before this Court is well settled: where a new trial is refused or granted, an Appellate Court will reverse only when there has been a clear abuse of discretion or an error of law which controlled the outcome of the case. *Zeman v. Canonsburg Boro.*, 423 Pa. 450, 223 A. 2d 728; *Amon v. Shemaka*, 419 Pa. 314, 214 A. 2d 238; *Trimble v. Merloe*, 413 Pa. 408, 197 A. 2d 457; *DeMichiei v. Holfelder*, 410 Pa. 483, 189 A. 2d 882; *Sternberg v. Dixon*, 411 Pa. 543, 192 A. 2d 359; *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 175 A. 2d 864; *Clewell v. Pummer*, 388 Pa., supra.

The trial Judge in his charge to the jury correctly charged that plaintiff had the burden of proving that

defendant was negligent and that his negligence was the proximate cause of the accident and of plaintiff's injuries. *Zeman v. Canonsburg Boro.*, 423 Pa., supra, and cases cited therein. The Judge further correctly charged that the presence of defendant's automobile on the wrong side of the highway was prima facie evidence of defendant's negligence. *Richardson v. Patterson,* 368 Pa. 495, 498, 84 A. 2d 342.

This case was a typical jury case, where the evidence in several important points was conflicting and the jury and the trial Judge who saw and heard the witnesses were best able to determine whether defendant's negligence, as distinguished from Miss Trimble's possible negligence, was the proximate cause of the accident. We cannot say that the jury's verdict was against the weight of the evidence, or was a capricious disregard of the evidence, or that on either of these grounds the lower Court, which was familiar with the place of the accident and had seen and heard the witnesses, erred in not granting a new trial.*

We come then to plaintiff's final contention that a new trial should be granted because defendant was permitted to testify that he was the sole support of his widowed mother. Defendant is a young man who immigrated to this country from Rumania some six years ago. He was questioned concerning his background, employment status, marital status, family relationship, and was then asked whether he was the sole support of his mother. This question should not have been asked by defendant's counsel. However, plaintiff merely made a general objection on the ground that such question was *immaterial.* He gave no other reason, nor did he move for the withdrawal of a juror. There is considerable doubt whether this question and answer

---

* Plaintiff at the trial pressed a contention that defendant was negligent as a matter of law. There is no merit in this contention.

was harmless or constituted prejudicial reversible error. Authorities indicate it was not reversible error. Compare *Bourd v. Berman,* 359 Pa. 183, 185, 58 A. 2d 442; *Kitchen v. Union Township,* 171 Pa. 145, 149, 33 Atl. 76; *Lewis v. Pittsburgh Railways Company,* 386 Pa. 490, 493, 126 A. 2d 454. However, any doubt as to whether this statement constituted reversible error in this case is removed because plaintiff himself had testified to his background, including the makeup of his family and those whom he supported, and his doctor testified that there was a financial necessity for him to return to work. Under all these facts and circumstances the question asked and answered by defendant did not constitute reversible error.

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice MUSMANNO and Mr. Justice COHEN dissent.