389 A.2d 90

Jean Frances STOKAN, a minor by her parent and natural guardian Michael R. Stokan, Maryann Stokan, a minor, by her parent and natural guardian, Michael R. Stokan and Michael R. Stokan and Catherine M. Stokan, in their own right

v.

James TURNBULL, Appellant,

v.

Agnes STOKAN.

Supreme Court of Pennsylvania.

Argued March 7, 1978.

Decided July 14, 1978.

72

Raymond H. Conaway, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for appellant.

Charles Kirshner, Rosenberg, Kirshner & Kaleugher, Pittsburgh, for Agnes Stokan.

David S. Palkovitz, McKeesport, for Jean Frances Stokan, et al.

Walter C. Faderewski, McKeesport, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This appeal arises from an action to recover damages for personal injuries and property damage incurred in an automobile accident on June 18, 1971, at the intersection of Routes 30 and 48 in North Versailles Township, Allegheny County. Route 30 is a four lane highway running east and west and Route 48 is an intersecting north-south highway. The intersection is controlled by a traffic light which did not have left turn arrows. At the time of the accident, the signal was green for traffic proceeding east and west on Route 30.

Both cars were on Route 30. The car driven by Agnes Stokan was headed west and the car driven by James Turnbull was headed east. Agnes Stokan was in the process of making a left-hand turn from Route 30 onto Route 48 when her car was struck by the approaching vehicle operated by James Turnbull.

Both cars were damaged and two passengers in the Stokan car, Jean and Maryann Stokan, minor sisters of Agnes Stokan, were injured. Maryann Stokan suffered a severe concussion which rendered her unconscious for ten days and lacerations and contusions of the face, right shoulder, right hip, right hand and left knee. Jean Stokan sustained abrasions of the arms, legs and forehead in addition to cervical pain.

According to the Stokan testimony, their car stopped at the intersection for several seconds with the left-turn signal on before making its left turn. Agnes Stokan, the driver, observed the oncoming Turnbull car some 75 to 100 yards away, but noted that it was in the left lane and signaling a left turn. On that assurance, the Stokan car made its left turn and was struck by the oncoming Turnbull car.

The Turnbull account of the accident is that as their car approached the intersection, it was being driven in the right rather than the left lane and was not signaling for a left turn. Turnbull testified that he was driving 40 to 42 miles an hour. Another eyewitness estimated his speed at 35 miles an hour; the legal limit was 40. Turnbull did not see the Stokan car until he was about 25 feet from the intersection. At that point in time, the Stokan car made its left turn and pulled in front of the Turnbull vehicle, but Turnbull was not able to avoid the collision due to his proximity to the Stokan car when he first observed it.

Subsequently, the injured Stokan girls, by Michael R. Stokan as their parent and guardian, sued James Turnbull, driver of the oncoming car, for compensation for their injuries, and their parents sued Turnbull in their own right for reimbursement for their daughters' medical expenses. Catherine M. Stokan, the mother, also sued Turnbull for damages to her car. James Turnbull named Agnes Stokan as an additional defendant and claimed reimbursement from her for damages to his car.

The jury returned verdicts in favor of the parents for the exact amount of the medical bills incurred on behalf of their minor daughters and in favor of Catherine Stokan for the property damage done to the Stokan vehicle, but no amount was returned for the pain, suffering and inconvenience of the minor daughters. All awards were against Agnes Stokan; no verdict was returned against Turnbull. In fact, Turnbull was awarded a verdict against Agnes Stokan for damage to his car.

Post-trial motions followed, presented on behalf of the minor Stokan girls, their parents, and Agnes Stokan, each

seeking a new trial. Agnes Stokan sought a judgment N.O.V. as well. The court below awarded Jean and Maryann Stokan, acting by their father-guardian, a new trial against Agnes Stokan only, limited solely to the issue of damages. Agnes Stokan's motions for a new trial and judgment N.O.V. were denied, and Agnes Stokan appealed to the Superior Court seeking a new trial on all issues and against all parties.

The Superior Court modified the trial court's order limiting the retrial and ordered a new trial against both Agnes Stokan and Turnbull and on all issues, and we granted Turnbull's petition for allowance of appeal. No other appeals were filed to this Court from that order of the Superior Court.

As appellant before us, Turnbull raises only the issue of whether the Superior Court erred in ordering a retrial as to both defendants, and seeks reinstatement of that portion of the trial court's order granting a new trial against Agnes Stokan only. No party has appealed from the Superior Court's order extending the retrial to the issue of liability as well as damages, and we therefore do not consider in this respect the Superior Court's modification of the trial court's order. *Commonwealth of Pennsylvania Dept. of Transportation v. Kobaly*, 477 Pa. 525, 384 A.2d 1213 (1978).

No party is contesting the grant of a new trial for the minor plaintiffs. Appellant contends, however, that inasmuch as the jury verdict resolved the issue of liability in his favor, the grant of a new trial was properly denied as against him.

The grant or refusal of a new trial because of an excessive or inadequate verdict is a matter for the sound discretion of the trial court and will be sustained by an appellate court in the absence of a clear abuse of discretion or an error of law which controlled the verdict or the outcome of the case. *Baird v. Dun & Bradstreet*, 446 Pa. 266, 285 A.2d 166 (1971); *Black v. Ritchey*, 432 Pa. 366, 248 A.2d 771 (1969); *Cwiakala v. Paal*, 427 Pa. 322, 235 A.2d 145 (1967).

We see no abuse of discretion or error of law in the trial court's grant of a new trial against Agnes Stokan only, and its denial of a new trial against appellant. We would, in fact, find that the trial court had exceeded its legal power had it required an exonerated defendant to stand trial a second time. In *Greco v. 7-Up Bottling Co. of Pittsburgh*, 401 Pa. 434, 165 A.2d 5 (1960), this Court said:

> "In a trespass action against two defendants, the fact that a jury returns a verdict inadequate in amount against one defendant and a verdict in favor of the other defendant, such inadequacy of verdict against the former does not, in itself, constitute a valid ground for the grant of a new trial as to the other defendant."
>
> 401 Pa. at 451, 165 A.2d at 13, *citing Fitzpatrick v. Sheppard*, 346 Pa. 240, 242, 29 A.2d 475, 476.

The granting of a limited retrial is within the court's discretion when the issue of liability has been determined by the jury in a trial free from error, and the verdict is supported by the evidence. In *Sternberg v. Dixon*, 411 Pa. 543, 192 A.2d 359 (1963), Justice O'Brien analyzed a similar case as follows:

> "The trial judge submitted the case to the jury which was correctly charged and particularly with respect to the duty and liability of operators of vehicles at intersections. The court correctly charged the jury with respect to the law pertaining to the duty of drivers at traffic controlled intersections. The evidence before the jury for its consideration was the conduct of both the defendant Dixon and the additional defendant Kesselman. The jury found Dixon negligent and exonerated Kesselman. The jury resolved the factual dispute and the charge was free of reversible error.
>
> A review of the record indicates Mrs. Sternberg suffered serious and permanent injuries. The verdict of $10,000.00 was inadequate and the court so held and it was warranted in granting a new trial by reason of the inadequacy of the verdict returned for her, she having suffered serious injuries, including multiple fractures and lacerations, resulting in severe pain and permanent disability

and disfigurement. *However, this is not a proper reason for a retrial of all of the issues previously determined in a trial free of error.* The sole reason for granting a new trial was the inadequacy of the verdict. There was ample evidence which proved the accident due to the sole negligence of the defendant Andrew Dixon, and the jury was justified in finding no negligence on the part of Mr. Kesselman. *The court committed a clear abuse of discretion in granting a new trial as to the additional defendants who, having been exculpated from any negligence should not again be subject to another trial. Greco v. 7-Up Bottling Company of Pittsburgh,* 401 Pa. 434, 165 A.2d 5 (1960); *Jones v. Williams,* 358 Pa. 559, 58 A.2d 57 (1948); *Fitzpatrick v. Sheppard et al.,* 346 Pa. 240, 29 A.2d 475 (1943)." (Emphasis added.)

411 Pa. at 548–49, 192 A.2d at 361.

 Unless the question of liability is so evident that it can be ruled upon as a matter of law by the court, the evidence is for the jury's consideration. If the jury finds one defendant negligent and exonerates another, the factual issue has been resolved. Absent reversible error in the charge—and none is here alleged—the defendant who has been absolved from negligence should not be subjected to a new trial.

 Appellee Agnes Stokan contends that this was a compromise verdict, and that such verdicts must be retried against all parties because the jury has intertwined the questions of liability and damages to an extent that the issue of liability cannot be said to have been clearly settled. Appellee relies heavily, as did the Superior Court, on the Superior Court's decision in *Mains v. Moore,* 189 Pa.Super. 430, 150 A.2d 549 (1959), and on language in our opinion in *Gagliano v. Ditzler,* 437 Pa. 230, 263 A.2d 319 (1970) which referred only to the propriety of a retrial limited to the issue of damages.

We do not agree with appellee that the verdicts as to Turnbull indicate compromise verdicts. A compromise verdict has been defined by this Court as follows:

"A compromise verdict is one where the jury, *in doubt as to defendant's negligence or plaintiff's freedom from contributory negligence*, brings in a verdict for the plaintiff but in a smaller amount than it would have if these questions had been free from doubt. See *Karcesky v. Laria*, 382 Pa. 227, 234–35, 114 A.2d 150, 154 (1955); *Hilscher v. Ickinger*, 194 Pa.Super. 237, 242–243, 166 A.2d 678, 680–681 (1960)." (Emphasis added.)

*Phelps v. Britton, Inc.*, 412 Pa. 55, 60, n.3, 192 A.2d 689, 692 n.3 (1963).

In this case, the jury did not find for anyone against Turnbull for any amount. Moreover, the jury found in favor of Turnbull for the full amount of his claim for damages to his car. This does not indicate in any way that the jury had any doubt about the lack of negligence on the part of Turnbull.

In returning a verdict against Agnes Stokan only, when the verdict could have been against both defendants without impairing the plaintiffs' recovery, and in returning a specific verdict against Agnes Stokan in favor of Turnbull, the original defendant, the jury clearly exonerated Turnbull from liability. The trial court had charged the jury, *inter alia* as follows:

"If, however, the additional defendant's conduct, Agnes Stokan, was the proximate cause of a—or a substantial factor in bringing about harm to the plaintiffs and that the original defendant, James Turnbull, in no way contributed proximately to said harm, then said James Turnbull is entitled to damages in the amount of $966.10."

This instruction was also given to the jury at another point in the charge. Moreover, the court clearly charged the jury that a verdict could be brought in against both defendants for the minor plaintiffs. Since the court clearly explained to the jury that a verdict for Turnbull indicated its determination that he was not negligent, the verdicts in favor of Turnbull clearly settled the issue of his liability.

The case of *Mains v. Moore, supra,* is also cited by appellee as emphasizing the importance of a family relationship as a

factor in finding a compromise verdict. In that case, however, the family relationship was relevant because the plaintiff-passenger was the owner of the car being driven at her direction by the additional defendant, her son-in-law. Thus, through agency principles, a finding of negligence on the son-in-law's part could have been imputed to her as contributory negligence and barred her recovery. Moreover, error was found in that trial which cast serious doubt upon the jury's verdict. In the instant case no legal basis has been alleged for finding the minor plaintiffs guilty of negligence, nor has trial error been raised.

 There are no allegations of trial error on this appeal, and the evidence is sufficient for the jury to have found that Turnbull was not negligent. The jury's verdict must be accepted on appeal absent trial error which casts serious doubt on the jury verdict or palpable insufficiency of evidence. *Burrell v. Philadelphia Electric Co.*, 438 Pa. 286, 265 A.2d 516 (1970); *St. Clair Cemetery Ass'n v. Commonwealth*, 390 Pa. 405, 136 A.2d 85 (1957); *Carroll v. City of Pittsburgh*, 368 Pa. 436, 84 A.2d 505 (1951). Inasmuch as the jury exonerated Turnbull from liability therefore, retrial was properly limited to Agnes Stokan as defendant.

The order of the Superior Court granting a new trial as to appellant Turnbull is reversed.