**Briercheck v. St. Francis Medical Center**

*John E. Quinn,* for plaintiff.
*Richard J. Federowicz,* fordefendant.

JAMES, *J.,* March 2, 1995—Plaintiff Ellen F. Briercheck, filed suit against defendant St. Francis Medical

Center, for personal injuries arising out of a fall that occurred on September 18, 1988 while plaintiff was a patient at the Medical Center. As a result of the fall, the plaintiff sustained a fractured left wrist and a fractured left hip. The plaintiff alleged that the Medical Center's nursing staff was negligent in failing to provide her assistance while walking. Following a jury trial, the jury returned a verdict of $22,800 in favor of the plaintiff and against defendant Medical Center. The plaintiff subsequently filed a motion for a new trial limited to damages only.

The plaintiff was admitted to the Medical Center on September 12, 1988. Plaintiff was placed in the cardiac step-down unit under the care of Dr. Carl Mastandrea. The purpose of plaintiff's admission was to determine whether the plaintiff had or was experiencing myocardial infarction.

The plaintiff, after receiving treatment in the cardiac step-down unit on September 14, 1988, was transferred to the 4th floor of the Medical Center. The evidence revealed that from September 14, 1988 through September 17, 1988, the plaintiff consistently called for the assistance of a nurse in order to walk or to use the restroom. (Tr. p. 70.)[1] On September 17, 1988, Dr. Carl Mastandrea wrote an order to increase plaintiff's activity. The order indicated that the plaintiff was to walk in the hall, with assistance, three times a day. (Tr. p. 68.)

On September 18, 1988, one of the hospital nurses suggested to the plaintiff that she take a bath. (Tr. p. 158.) The nurse then departed plaintiff's room without assisting the plaintiff to the restroom. (Tr. p. 158.) The

---

1. Tr. refers to the transcript of the jury trial held before the Honorable Joseph M. James on June 2-6, 1994.

plaintiff testified that she walked to the restroom and gave herself a sponge bath. Upon the completion of her bath, the plaintiff began walking back to her bed and fell to the ground sustaining a fractured left wrist and fractured left hip. (Tr. p. 159.)

Plaintiff required additional treatment as a result of both fractures. The plaintiff's wrist was placed in a cast for a period of four weeks. The plaintiff also underwent surgery to correct the fracture of her hip. The plaintiff alleged at trial that the Medical Center's nursing staff was negligent in failing to provide assistance with transfers and ambulation based upon her prior medical history and physical capacities. In support of their respective positions concerning the level of nursing care that was appropriate under the circumstances, the plaintiff produced expert testimony of Ann Feld, R.N., M.S. and the defendant presented expert testimony of registered nurse Harvey Brown.

Plaintiff argues that a new trial limited to the issue of damages should be granted since the verdict was inadequate. Plaintiff contends that the verdict is inadequate since it is significantly less than the $58,000 in medical expenses established by stipulation of the parties. It is well settled that the grant of a new trial is a matter within the discretion of the trial court. *Burrell v. Philadelphia Electric Company,* 438 Pa. 286, 265 A.2d 516 (1970); *Krivijanski v. Union Railroad Co.,* 357 Pa. Super. 196, 515 A.2d 933 (1986). A jury verdict is set aside as inadequate when it appears to have been the product of passion, prejudice, partiality or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff. *Elza v. Chovan,* 396 Pa. 112, 114, 152 A.2d 238, 240 (1959). Where the jury's verdict is so contrary to the

evidence as to "shock one's sense of justice," a new trial should be awarded. *Bochar v. J.B. Martin Motors Inc.,* 374 Pa. 240, 97 A.2d 813 (1953).

The defendant asserts that the verdict in the instant case is a compromise verdict. A compromise verdict is one where the jury, in doubt as to the defendant's negligence, or plaintiff's contributory negligence, returns a verdict for the plaintiff but in a lesser amount than it would have if these questions had been free from doubt. *Stokan v. Turnbull,* 480 Pa. 71, 389 A.2d 90 (1978). The plaintiff's claim that the jury verdict is inadequate can only be reached if it is determined that the jury verdict was not a compromise verdict.

The granting of a new trial limited to damages was not permitted under the common law. *Troncatti v. Smereczniak,* 428 Pa. 7, 235 A.2d 345 (1967). However, Pennsylvania and most other jurisdictions have adopted a rule permitting such limited new trials under specific circumstances. A new trial limited to the issue of damages will be granted where: 1) the issue of damages is not "intertwined" with the issue of liability; and 2) where the issue of liability has been "fairly determined" or is "free from doubt." *Gagliano v. Ditzler,* 437 Pa. 230, 263 A.2d 319 (1970).

In order to grant a new trial limited to the issue of damages, it must first be established that the issue of damages is not intertwined with the issue of liability. This case clearly does not involve the intertwining of the issue of damages with the issue of liability. There was no evidence offered by the defense to indicate that the plaintiff was contributorily or comparatively negligent. The liability issue focused exclusively on whether the defendant was negligent in failing to provide assistance to the plaintiff on the date of injury and whether that negligence was the cause of plaintiff's

injuries. The jury conclusively found in favor of the plaintiff on the liability issue. Since the plaintiff was not alleged to have contributed to the circumstances that resulted in the absence of nursing assistance at the time of the incident, the only finding that could have been made by the jury is that the defendant is completely liable for the plaintiff's injuries. Contrary to the defendant's contention, this is not an instance where the jury reached a compromise verdict.

There is no question that the liability issue was also "fairly determined" and "free from doubt." There did not exist a substantial conflict between the parties regarding the facts in this matter. The defense offered no evidence that the plaintiff's injuries were not related to the accident. The sole liability issue for the jury was to determine if the defendant, based on the conflicting expert testimony, was liable for plaintiff's injuries as a result of the absence of nursing care at the time of the incident. In returning a verdict for the plaintiff, it is apparent that the jury accepted the plaintiff's expert as more credible. The record reveals that the issue of liability was fairly determined. Accordingly, the plaintiff has satisfied the two-prong test and is entitled to a new trial limited to damages if it is determined that the jury verdict is inadequate.

It is the province of the jury to assess the worth of the testimony and to accept or reject the estimates given by the witnesses. If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for the jury. *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994). However, where the injustice of the verdict "stand[s] forth like a beacon," a court should not hesitate to find it inadequate and order a new trial. *Kiser, supra* at 232, 648 A.2d at 7. In the present case, the jury's verdict

was so contrary to the uncontroverted evidence of damages introduced at trial as to shock one's sense of justice and, as such, necessitates the award of a new trial.

The award of $22,800 is unquestionably inadequate where the defendant was found liable and where the medical bills incurred in treating the plaintiff's broken hip and broken wrist were in the stipulated amount of $58,000. The reason for the inadequate award is apparently based on the jury's confusion regarding the components of damage. The jury was initially read the following instruction on damages:

"If you find that the defendant hospital is liable to the plaintiff, you must then find an amount of money damages which you believe fairly and adequately compensates the plaintiff for all physical and financial injuries that she sustained as a result of the accident.

"The plaintiff is also entitled to be compensated in an amount for medical expenses reasonably incurred for the diagnosis, treatment and cure of her injuries in the past. These expenses, as alleged by the plaintiff and as agreed by counsel, have a set dollar amount of $58,000." (Tr. pp. 293, 294.)

During the deliberations, the jury returned with the following question: "Is her case the $58,000 plus or is it just the pain and suffering?" (Tr. p. 302.) After deliberations with counsel, the jury was ordered to return to the courtroom and the following instruction was read:

"Ladies and gentlemen, the question of damages is made up of multiple components. $58,000, medical expense is one component and pain and suffering is a separate component. (Tr. p. 304.)

This response obviously did not resolve the jury's confusion regarding the components of the damage award since, shortly after receiving the response, the

jury returned its verdict of $22,800. This verdict does not bear a reasonable resemblance to the stipulated damages. *Kiser, supra.* As such, the plaintiff is entitled to a new trial solely on the issue of damages.

Based on the foregoing, the plaintiff's motion for a new trial limited to damages only is hereby granted.