Brogan *v.* Philadelphia et al., Appellants.

Argued November 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Howard E. Stern,* with him *John J. K. Caskie,* Assistant City Solicitors, and *Ernest Lowengrund,* Acting City Solicitor, for appellant No. 125.

*Franklin H. Bates,* for appellant No. 162.

*John W. Lord, Jr.,* with him *Bernard J. Kelley,* for appellee.

OPINION BY MR. JUSTICE LINN, January 4, 1943:

This was a suit against the City of Philadelphia for personal injury. The city brought in Walter F. Mayer and Howard F. Adams, additional defendants. Mayer was the owner of land abutting on the north side of Levick Street and was engaged in building a row of houses; Adams was doing the brick work. Mayer had obtained from the city, pursuant to an ordinance,[1] a permit to place building material within a limited portion of the street in front of the building operation. Construction or preparation for construction began late in July or early in August, 1935. On Labor Day of that

---

[1] City ordinance, July 10, 1917, section 5, p. 263, enacted pursuant to Act of April 16, 1838, P. L. 626, section 3, 53 PS section 7129, authorizing the ordinance. See, *Doughty v. Phila. Rapid Transit Co.,* 321 Pa. 136, 139, 184 A. 93.

year, at about three in the afternoon, while plaintiff was driving his automobile westwardly on Levick Street, he was struck in the face and seriously injured by a splash of mortar caused by the throwing of a stone, or brickbat into a mortar box by a boy or boys, who were then on defendant Mayer's partly constructed houses. This mortar box, on the day of the accident, was in the cartway along the curb. The plaintiff alleged, inter alia, that the city negligently permitted the mortar to remain in the box in the street; and that it should have known ". . . that the dangerous mixture would be used by children in the course of their play, and that, owing to its unguarded condition, it would become injurious to innocent passersby." The jury rendered a verdict in favor of the city and in favor of the plaintiff against Mayer and Adams.

The plaintiff moved for a new trial as to the city and the motion was granted. The city had presented a point for binding instructions which was refused; that refusal is the subject of the first assignment of error; the second assignment is to the order granting the new trial.

The defendant, Mayer, made two motions, one for a new trial and one for judgment n. o. v. The court granted his motion for a new trial. He appeals and complains that judgment n. o. v. was refused. The court also granted a new trial as to Adams who has not appealed.

Generally, where there are several defendants, if the record shows that the interests of justice require a new trial as to all of them, an order to that effect will not be disturbed on appeal. If, however, it appear that, as matter of law, there is no liability on the part of a defendant, a new trial as to such defendant should not be granted. Such non-liability appearing, the defendant should not be subjected to the expense and inconvenience of again demonstrating that in law he was not liable. If the point is properly raised, the action of the court in refusing to direct a verdict and in granting a new trial will be reviewed. In this case the city, by assigning

for error the refusal to direct a verdict, has raised the simple question of law, that the record shows the city cannot be liable; if, therefore, it appears that binding instructions in its favor should have been given, judgment in its favor must now be ordered.[2]

With respect to Mayer's appeal, the record shows a case quite different from that against the city. The defendants offered no evidence. The plaintiff called Mayer's father, who testified that he was employed by the defendant, Mayer, as "general superintendent" and that his duty was to "watch that the work is done right." He said they had a watchman on the operation during the day and another one at night; that they were much annoyed by boys playing "on this building operation" from the time it began; "Q. And did they continue to bother you from then on? A. From then on. It got to be a regular playground and oh, I don't know what to call it." He complained to the police station about the boys ". . . interfering with the work;" that the boys ". . . were throwing stones." With respect to the relation of the defendant Adams to the defendant Mayer, the witness stated that Adams "was the contractor, the bricklaying contractor" employing "about a dozen" men; that the relation was created by an oral contract providing that "he lay the bricks for so much per thousand, and furnish lime and sand and labor; . . . we were to furnish the bricks." There was testimony of other witnesses that boys "climbed on the houses" and threw stones and sticks into the mortar box. A witness said this occurred "a good many times" and that on the day of the accident boys were on the roof of a house throwing things into the mortar box. A witness said he saw the lime "splash on the car" driven by plaintiff.

First, as to the city's appeal. The street was not defective. There was ample room for travel and, as we understand it, travel was quite heavy. The storage of the building material was not an interference with the

---

[2] See *Fornelli v. Penna. R. R. Co.,* 309 Pa. 365, 164 A. 54.

right of travel but, so far as appears, was a proper use of the street by an abutting owner. As regulated by the ordinance, there was as much right to place the materials in the highway as to drive on it. In the brief filed on behalf of the appellee it is frankly stated, "appellee does not claim that the mortar box was an obstruction or defect in the highway." He does claim that the "city was negligent . . . in allowing a hazardous condition, namely the mortar box containing the mortar to remain in the highway uncovered and unguarded under all the circumstances in the case." Stated in other words, the claim is that after the police were notified of the mischievous conduct of boys on defendant Mayer's property, they should have stopped it, and not having done so, the city must answer in damages. The record shows that the city performed its primary duty of keeping the street in "travelable condition." [3] As there was no breach of that duty, there is no liability on that account. The contention based on failure of the police, if there was such failure, is a complaint that the police protection was inadequate. It is settled in this state that in supervising, regulating and controlling the actions of persons upon its streets, the city acts in a governmental capacity and is not liable for the failure of its officers to protect residents and travellers from injuries caused by dangerous or negligent conduct of other persons permitted to occupy its highways.[4] It clearly appears, therefore, that the city's point for binding instructions should have been affirmed and that the assignment of error complaining of that refusal must be sustained and the order granting a new trial reversed.

In reviewing the record on Mayer's appeal, we must conclude that the evidence was sufficient, if believed, to support a finding by the jury that boys had, with de-

---

[3] *Lawrence v. Scranton City*, 284 Pa. 215, 222, 130 A. 428.

[4] See *Stevens v. Pittsburgh*, 129 Pa. Superior Ct. 5, 16, 194 A. 563; *Honaman v. Philadelphia*, 322 Pa. 535, 540, 185 A. 750.

fendant land owner's knowledge, been in the habit of going on his buildings and throwing missiles into the street in circumstances likely to injure lawful users of the highway; the evidence made out a prima facie case.[5]

It is argued, on Mayer's behalf, that the damage to plaintiff was not legally caused by appellant's negligence. Considering the evidence that for some time, with the landowner's knowledge, boys entered on his land and buildings, then in his possession, and threw missiles into the street and particularly into the mortar box in such way as to splash the mortar into the travelled portion of the cartway, appellant had the burden of showing that he exercised the proper measure of care to prevent the use of his property by the boys in such way as might reasonably be thought to result in injury to users of the public highway. Should he have anticipated that unless he stopped such use of his land, injury to a lawful user of the highway would probably result? The question is for the jury, not the judge.[6]

The defendant Mayer was therefore not entitled to a directed verdict nor to have his motion for judgment n. o. v. granted. As no abuse of discretion appears in granting the new trial as to him that order must be affirmed.

The order granting a new trial against the City of Philadelphia is reversed and judgment is now entered for the city.

The order granting a new trial against the appellant, Mayer, is affirmed.

---

[5] See *Honaman v. Philadelphia*, 322 Pa. 535, 185 A. 750; *Stevens v. Pittsburgh*, 129 Pa. Superior Ct. 5, 194 A. 563, particularly the cases cited by the late Judge CUNNINGHAM at pages 13, et seq.

[6] Cf. *Mautino v. Piercedale Supply Co.*, 338 Pa. 435, 440, 13 A. 2d 51; 2 Restatement, Torts, Section 447.