469 A.2d 1037

Douglas J. MEYER, a Minor, by his Guardian, Larry M. MEYER, and Larry M. Meyer and Boneta F. Meyer, Appellees

v.

Russell M. HEILMAN, Jr. and Helen V. Heilman, t/d/b/a R.F. Heilman and Son, Appellants

**and**

**International Harvester Company.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1983.

Decided Dec. 30, 1983.

474

William F. Martson, Daniel K. Deardorff, Carlisle, for appellants.

Thomas A. Ehrgood, Lebanon, for Meyer.

Thomas D. Caldwell, Jr., Harrisburg, for Intern'l. Harv.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-
TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

NIX, Justice.

In this appeal we have agreed to review a decision of the
Superior Court granting the plaintiffs in an unsuccessful
trespass action, who had asserted both a products liability
claim against the manufacturer of a tractor and a claim of
negligence against the tractor's owners, a new trial against
the owners, notwithstanding a jury verdict in the owners'
favor, on the ground that a non-suit as to the manufacturer
had been improperly granted at the conclusion of the plain-
tiffs' case.  For the reasons which follow we reverse the
order of the Superior Court and remand for further pro-
ceedings.

On August 8, 1974, appellee Douglas J. Meyer, then ten
years of age, was seriously injured while riding a tractor
owned by appellants, the Heilmans, and manufactured in
1952 by International Harvester Company, as the tractor
was being driven by a Heilman employee to pull a manure
spreader on the Heilmans' farm in Lebanon County.  Doug-
las' injuries, which necessitated the amputation of his left
leg from the knee down, resulted when he lost his balance
and came in contact with the tractor's revolving shaft,
which powered the spreader;  the safety shield provided by
the manufacturer to cover the shaft had been removed.
Douglas and his parents, appellees Larry M. and Boneta F.
Meyer, subsequently brought an action in trespass naming
the Heilmans and International Harvester as defendants.
The case proceeded to trial before a jury, and at the
conclusion of the Meyers' case, the trial court granted
International Harvester's motion for a compulsory non-suit.
After the Heilmans presented their defense, the jury re-
turned a verdict in their favor.  The Meyers' motions for
removal of the non-suit, for a judgment n.o.v. and for a new
trial were denied, and they appealed to the Superior Court.
That court reversed the order of the trial court granting the

non-suit and awarded a new trial as to both defendants on all issues. *Meyer v. Heilman,* 307 Pa.Super. 184, 452 A.2d 1376 (1982). We granted the Heilmans' petition for allowance of appeal.[1]

The propriety of the Superior Court's removal of the compulsory non-suit entered in favor of International Harvester is not before this Court. We are concerned only with the Superior Court's award of a new trial as to the Heilmans, which had the effect of overturning the jury verdict in their favor. In support of that action, the Superior Court reasoned as follows:

> Our removal of the compulsory non-suit here as to International [Harvester] without granting a new trial as to the negligence of the defendants Heilman would unfairly deprive International of the opportunity to defend on the basis, for example, that defendants Heilman were wholly responsible for the injury to Douglas in that they had removed the master shield.

307 Pa.Super. at 191, 452 A.2d at 1379.

In reaching that conclusion, the Superior Court relied upon *Frank v. W.S. Losier & Co., Inc.,* 361 Pa. 272, 64 A.2d 829 (1949), in which this Court stated:

> [T]he proper practice, before entering a nonsuit or directing a verdict in favor of one of two or more defendants, is *to allow the other defendants to present their testimony on the question of the liability of each and all of them: Shapiro v. Philadelphia,* 306 Pa. 216, 159 A. 29; *Parker v. Philadelphia Rapid Transit Co.,* 308 Pa. 209, 162 A. 664. It is true that Pa.R.C.P. 2232(d) provides that when a plaintiff joins two or more defendants and the evidence does not justify a recovery against all the court shall enter a nonsuit or direct a verdict in favor of any defendant not shown to be liable either jointly, severally or separately. But this was merely intended, in accordance with the Act of June 29, 1923, P.L. 981, to abrogate the strict common-law rule that where a joint liability of defendants was pleaded the plaintiff was obliged to recov-

---

**1.** International Harvester is not a party to this appeal.

er against all or none; it certainly was not intended to deprive a defendant of the *right to present testimony before a co-defendant should be relieved from liability by a nonsuit or a directed verdict in his favor.*

*Id.,* 361 Pa. at 275–276, 64 A.2d at 830–831 (emphasis supplied).

In the instant action it was *the Heilmans* who were placed in the disadvantageous position of defending alone as a result of the trial court's non-suit of the case against International Harvester. The Heilmans nonetheless prevailed. While the rationale of *Frank v. W.S. Losier & Co., Inc., supra,* might have provided a basis for awarding the Heilmans a new trial had the jury's verdict been *against* them, it clearly cannot be employed to justify subjecting them to a second trial after a verdict in their *favor.*

■ Appellees' claim against the Heilmans was adjudicated on the merits. International Harvester's lack of input as to that claim was of its own making, since it took the affirmative step of moving for a compulsory non-suit at the first trial. Now that International Harvester will be compelled to defend itself in a new trial, it has no right to proceed with its original co-defendants, who were exonerated at the first trial, as if the non-suit and subsequent adjudication as to those co-defendants had never occurred.

This perceived hardship to International Harvester is the only ground expressly articulated by the Superior Court for permitting appellees to relitigate the issue of the Heilmans' negligence. However, although it focuses on potential prejudice to International Harvester on retrial, it may be inferred from its opinion that the Superior Court believed that appellees may also have been prejudiced in that testimony International Harvester *might* have presented to the jury but for the non-suit could have altered the verdict in the first trial. In fact, the gist of appellees argument before this Court is that they were improperly denied the benefit of International Harvester's evidence as to the Heilmans' negligence. This contention is without merit.

■ As we have already noted, the jury, after considering the evidence, found in favor of the Heilmans on the issue of negligence. In *Stokan v. Turnbull,* 480 Pa. 71, 389 A.2d 90 (1978), this Court stated:

> Unless the question of liability is so evident that it can be ruled upon as a matter of law by the court, the evidence is for the jury's consideration. If the jury finds one defendant negligent and exonerates another, the factual issue has been resolved. *Absent reversible error ... the defendant who has been absolved from negligence should not be subjected to a new trial.*

*Id.,* 480 Pa. at 77, 389 A.2d at 93 (emphasis supplied). These principles apply with equal force to the instant situation. The Heilmans were unquestionably "absolved from negligence" in the instant matter; the fact that International Harvester was granted a non-suit rather than adjudged negligent does not affect our analysis. Thus, "[t]he jury's verdict must be accepted on appeal absent trial error which casts serious doubt on the jury verdict or palpable insufficiency of evidence." *Id.,* 480 Pa. at 79, 389 A.2d at 94. *See Burrell v. Philadelphia Electric Co.,* 438 Pa. 286, 265 A.2d 516 (1970); *St. Clair Cemetery Association v. Commonwealth,* 390 Pa. 405, 136 A.2d 85 (1957); *Carroll v. City of Pittsburgh,* 368 Pa. 436, 84 A.2d 505 (1951). Absent such a defect in the initial proceeding, it would be improper to subject the Heilmans to a second trial.

The trial error discerned by the Superior Court related to International Harvester's portion of the case. That court did not reach appellees' claims with respect to alleged trial errors in their case against the Heilmans, and did not comment on the sufficiency of the evidence to support the verdict against them. Thus the only question remaining is whether that error nonetheless "casts serious doubt on the jury verdict" in appellees' action against the Heilmans.

As a result of the trial court's grant of a non-suit in favor of International Harvester, that defendant was relieved of the obligation of presenting evidence in its defense. The

non-suit in no way prevented appellees from presenting whatever evidence they could muster to meet their burden of proving the Heilmans to have been negligent, and it is not argued that the non-suit as to International Harvester hampered that effort. Having been denied recovery, however, appellees now attempt to attribute their failure to the absence of testimony on behalf of International Harvester in consequence of the non-suit of appellees' products liability case in favor of that defendant. We are urged to conclude that such evidence might have sufficiently bolstered appellees' case as to compel a verdict in appellees' favor.

■■■ Appellees could prevail on their claim of prejudice only if they had a right to try their cases against International Harvester and the Heilmans simultaneously and if the abridgment of that right negates the entire initial proceeding. Such a contention must be rejected out of hand. Permissive joinder of defendants is merely a matter of administrative convenience. The trial court retains the discretion to sever the cases against joint defendants. Pa. R.C.P. 213(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues.

In addition, the permissibility of joinder is always subject to jurisdictional requirements. Thus, the right to join defendants in one proceeding is by no means absolute.

■■■ More fundamentally, however, joinder does not alter the nature of the cause of action against the individual defendants. As this Court explained in *General Electric Credit Corp. v. Aetna Casualty and Surety Co.*, 437 Pa. 463, 263 A.2d 448 (1970):

Rule 2229(b) of the Pennsylvania Rules of Civil Procedure gives the plaintiff the option of joining two or more persons as defendants if the liabilities of the defendants arise from a common factual background and a common question of law or fact will arise: *Burke v. North Huntingdon Twp.*, 390 Pa. 588, 136 A.2d 310 (1957). However, this permissive joinder of defendants (or plaintiffs under Rule 2229(a)) *does not unite the causes of action, and they remain independent to the same extent as if separate suits had been brought but consolidated for trial:* *George v. Snyder*, 52 Pa.D. & C. 58, 49 Lanc. 123 (1944); *Toth v. O'Brien*, 44 Pa.D. & C. 405 (1942); Pa.R. Civ.P. 2231, 4 Anderson Pa.Civ.Prac. 609 (1962 ed.).... Thus when plaintiffs or defendants are joined by virtue of Rule 2229, the claim and liability of each remains distinct and must be separately determined by the jury: *Myers v. Buck*, 50 Luz. 229 (1960); 3 Goodrich-Amram § 2231(d)–5. Separate judgments must also be entered in accord with the separate verdicts, as in the case of the joinder of husband and wife under Rule 2228: 4 Anderson Pa.Civ. Prac. 614 (1962 ed.); Notes of the Procedural Rules Committee to Rule 2231(c) and (d). See *Fisher v. Diehl*, 156 Pa.Superior Ct. 476, 40 A.2d 912 (1945).

*Id.*, 437 Pa. at 468–469, 263 A.2d at 451–452 (emphasis supplied; footnote omitted).

*See* Pa.R.C.P. 2231. Appellees' cause of action against the Heilmans was not affected by the joinder or the subsequent removal of International Harvester as co-defendant, but rather remained separate and independent throughout the proceedings. At the conclusion of trial, the jury returned a verdict in that action, just as it would have been required to do had International Harvester remained a party. The trial court's improper grant of a non-suit of appellees' case against International Harvester thus had no cognizable impact on the jury's decision.

Accordingly, the Order of the Superior Court is reversed and the matter remanded for disposition of appellees' remaining claims.

ZAPPALA, J., files a concurring opinion.

McDERMOTT, J., files a dissenting opinion.

ZAPPALA, Justice, concurring.

I concur in the result reached by the majority today, but am compelled to write separately to emphasize that this appeal may have mandated a different result if International Harvester Company had filed a claim based on joint or several liability against the Appellants. Since International Harvester Company did not, it cannot complain during the retrial about any prejudice if any prejudice exists. Furthermore, it is important to note that the Appellees have not been prejudiced by the lower court's ruling as so indicated by the majority today, for the purpose of Rule 2232 is to give a defendant the opportunity to present all evidence demonstrating that the co-defendant may be liable. It is of no consequence that the Appellees may have been prejudiced, because initially the Appellees failed to establish a prima facie case against International Harvester.

The Appellees filed a Complaint with alternative claims for recovery. It was incumbent upon the Appellees to sustain their burden of proof for both alternate theories. It is obvious from the lower court's opinion that insufficient evidence was offered to raise an issue based on products liability. Accordingly, the lower court did not err in refusing to permit the jury to consider the Appellees' claim against International Harvester Company.

Accordingly, I join in with the majority's opinion and order today reversing the Superior Court and remanding the matter to that court for disposition of all the remaining claims.

McDERMOTT, Justice, dissenting.

I dissent and would affirm based upon the opinion of the Superior Court. *See Meyer v. Heilman,* 307 Pa.Super. 184, 452 A.2d 1376 (1982).