Mary M. JONES, and Floyd Jones, her husband, Plaintiffs,

v.

William H. PHILPOTT, M.D., Philpott Medical Center, Inc., an Oklahoma Corporation and Harborside Hospital, a Florida Corporation, Defendants.

Civ. A. No. 87–1703.

United States District Court, W.D. Pennsylvania.

Dec. 28, 1988.

Stanley W. Greenfield, Pittsburgh, Pa., for plaintiffs.

David A. Damico, Andrew L. Horvath, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

SMITH, District Judge.

A motion for summary judgment by defendant Harborside Hospital is presently before the Court. Harborside contends that this Court lacks personal jurisdiction over it.

The motion will be granted for reasons set forth below.

### I.

Plaintiff Mary Jones sought medical attention in early 1983, when she began experiencing acute nervousness, insomnia, difficulty in concentrating, and memory lapses. Dr. Roy Kerry, one of Mrs. Jones' treating physicians, diagnosed her as suffering from various allergies in May of 1983, and referred her to defendant Dr. Philpott in Florida.

Arrangements were made by plaintiffs with Dr. Philpott for Mrs. Jones to travel to Florida in order to receive treatment by Dr. Philpott. Mrs. Jones went to St. Petersburg, Florida, on July 13, 1983, where she was interviewed and examined by Dr. Philpott at defendant Philpott Medical Center. She was admitted that same day to the "ecological wing" of Harborside Hospital, which is a segregated area of Harborside used exclusively by Dr. Philpott and his associates for his patients.

Mrs. Jones was a patient in the "ecological wing" until August 13, 1983. She remained in Florida following her discharge and was treated as an out-patient on a daily basis at Philpott Medical Center until she returned to her home in Uniontown, Pennsylvania, in September of 1983.

Plaintiffs claim in their Complaint that Dr. Philpott was negligent in administering insulin to Mrs. Jones, which purportedly caused a brain deficit with resultant loss of memory. The claims against Philpott Medical Center and Harborside Hospital are predicated on the alleged agency of Dr. Philpott at all times during his treatment of Mrs. Jones.

This Court entered an Order on December 10, 1987, denying a motion by defendants Dr. Philpott and Philpott Medical Center to dismiss the claims against them pursuant to 42 Pa.C.S.A. § 5524(2) and the Due Process Clause due to lack of personal jurisdiction over them. It was held that it was reasonable to infer that Dr. Philpott and Philpott Medical Center purposefully availed themselves of the privilege of conducting activities in Pennsylvania and therefore could expect to be haled into court here.

As has been noted, plaintiffs' claims against Harborside Hospital are predicated entirely on the theory that Dr. Philpott was acting as its agent at all relevant times. No evidence has been presented by plaintiffs that Harborside itself has ever purposefully availed itself in any other context of the privilege of conducting business in Pennsylvania. If this Court does have personal jurisdiction over Harborside Hospital in this case, it has it only by virtue of the fact that Dr. Philpott was acting as Harborside Hospital's agent when Dr. Philpott purposefully availed himself of the privilege of doing business in Pennsylvania. If there is no evidence that Dr. Philpott was acting as its agent, summary judgment will have to be entered in favor of Harborside Hospital.

### II.

Summary judgment is appropriate when:
... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED.R.CIV.P. 56(c).

Rule 56(c), by its plain language, *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the exist-

ence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). If the *non* moving party will bear the burden of proof at trial on a dispositive issue which is the subject of a summary judgment motion, the *non* moving party is required by Rule 56(c) to go *beyond* the pleadings and by affidavits, answers to interrogatories, depositions, or admissions on file, identify specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. The moving party does *not* bear the burden of *negating* the opponent's claim. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Rather, the moving party need only "point out" to the trial court that there is an *absence* of evidence to support the *non* moving party's claim. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554.

■ The standard for granting summary judgment mirrors that for a directed verdict under FED.R.CIV.P. 50(a). The trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to a verdict. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The presence of a mere scintilla of evidence in support of the *non* moving party's position is not sufficient to withstand the motion. There must be evidence from which a jury could *reasonably* find for the non moving party. The trial judge must determine whether reasonable jurors could find that the *non* moving party would be entitled to a verdict on the basis of the evidence presented. *Anderson,* 477 U.S. at 254, 106 S.Ct. at 2513.

### III.

■ One who asserts the existence of an agency relationship has the burden under Pennsylvania law of proving it. *See Scott v. Purcell,* 490 Pa. 109, 415 A.2d 56, 60 n. 8 (1980).

■ Agency principles apply to physicians and hospitals. *See Tonsic v. Wagner,* 458 Pa. 246, 329 A.2d 497 (1974).

Such agency, if it exists, may be either actual or ostensible.

Plaintiffs must show that Harborside Hospital either controlled or had the right to control the physical conduct of Dr. Philpott in the performance of his work in order to establish that Dr. Philpott was the actual agent of Harborside Hospital. *See Simmons v. St. Clair Memorial Hospital,* 332 Pa.Super. 444, 481 A.2d 870, 874 (1984).

■ Plaintiffs have not met their burden of coming forward with evidence which would support the inference that Dr. Philpott was the actual agent of Harborside Hospital during the period of time relevant to this action. Plaintiffs appear to *concede* as much in their Brief in Opposition, where they do not argue that there was an actual agency relationship.

Indeed, what evidence there is on the matter overwhelmingly indicates that Dr. Philpott was *not* the actual agent of Harborside Hospital. The only contract in evidence indicates that the relationship between Harborside Hospital and Dr. Philpott was that of landlord/tenant rather than principal/agent.

■ In general, a hospital is not liable for the negligence of independent contractor physicians. There is, however, an exception to this principle. The hospital may be liable if the physician is the "ostensible" agent of the hospital. *See Simmons,* 481 A.2d at 874.

■ In order to establish that Dr. Philpott was the ostensible agent of Harborside Hospital, plaintiffs must show: 1) that Mrs. Jones looked to Harborside Hospital, rather than to Dr. Philpott, for care; and 2) that Harborside Hospital held out Dr. Philpott as its agent or employee. *See Capan v. Divine Providence Hospital,* 287 Pa.Super. 364, 430 A.2d 647, 649–50 (1980).

■ Plaintiffs also have failed to come forward with evidence from which it could reasonably be inferred that Dr. Philpott was the ostensible agent of Harborside Hospital.

To begin with, plaintiffs have failed to produce any evidence from which it could

be inferred that Mrs. Jones looked to Harborside Hospital instead of Dr. Philpott for medical care.

The standard context in which it has been found that a patient looked to a hospital instead of an individual physician for care is when a patient is taken to a hospital emergency room with an acute problem requiring immediate attention. *See, e.g., Thompson v. Nason Hospital,* 370 Pa.Super. 115, 535 A.2d 1177 (1988); *also Capan,* 287 Pa.Super. 364, 430 A.2d 647 (1980). In such situations, the decision is made to seek treatment at a particular hospital because of the hospital's proximity or because it is well-suited to treating the patient's problem. The identity of the particular physician who will treat the patient at the hospital is not relevant to the decision to seek treatment at that hospital.

Plaintiffs have failed to produce any evidence of conduct by Harborside Hospital which induced Mrs. Jones to reasonably believe that she was being treated by Harborside Hospital and its employees, rather than by an independent contractor who merely happened to treat his patients there. On the contrary, the only evidence submitted concerning this matter indicates that Mrs. Jones specifically sought out Dr. Philpott on the recommendation of one of her treating physicians, and did not look to Harborside Hospital for treatment. Mrs. Jones contacted Dr. Philpott directly and had been fully apprised by him of the overall plan of treatment he had designed for her. The portion of Mrs. Jones' treatment which was rendered at Harborside Hospital was arranged by Dr. Philpott, and was *not* based on any desire or decision by Mrs. Jones to be treated there. (*See* Mary Jones' deposition, pp. 43–46; 147–52.)

Not only is there no evidence which would support a finding that Mrs. Jones looked to Harborside Hospital rather than to Dr. Philpott for treatment, there also is no evidence which would support a finding that Harborside Hospital held Dr. Philpott out as its agent or employee.

A hospital "holds out" a physician as its agent, or employee "... when the hospital acts or omits to act in some way which leads the patient to a reasonable belief that he is being treated by the hospital or one of its employees." *Capan,* 430 A.2d at 649.

The only evidence presented indicates that Harborside Hospital did nothing to induce a reasonable belief by Mrs. Jones that she was being treated by it or one of its employees. The only bill which Harborside Hospital sent to Mrs. Jones included only charges for room, drugs, pharmaceutical supplies, and laboratory services. No charges for the services of any physician, including Dr. Philpott, were included in the bill. Rather, the charges provided by Dr. Philpott and his associates were billed to Mrs. Jones on Philpott Medical Center stationery.

An appropriate order will be issued.