**Janet W. STIPP and Jerry W. Stipp**

v.

**Paul S. KIM, M.D. and Chester County Hospital.**

Civ. A. No. 94–2228.

United States District Court, E.D. Pennsylvania.

Jan. 31, 1995.

Andrew J. Stern, Beasley, Casey, Colleran, Erbstein, Thistle & Kline, Philadelphia, PA, for plaintiffs.

Mark D. Chiacchiere, O'Brien & Ryan, Plymouth Meeting, PA, for Paul S. Kim, M.D.

Daniel P. Sherry, Elizabeth Weissman–Lorry, Marshall, Dennehey, Warner, Coleman & Goggin, Media, PA, for Chester County Hosp.

## MEMORANDUM

JOYNER, District Judge.

Today we decide Defendant Chester County Hospital's Motion for Summary Judgment. This litigation is a medical malpractice action brought by Janet Stipp and her husband Jerry against Dr. Paul Kim and Chester County Hospital. According to the Complaint, in 1992, Dr. Kim performed a mammoplasty, or breast reduction operation on Janet Stipp. The Complaint alleges that Dr. Kim removed 226 more grams of breast tissue from Stipp's right breast than from her left, leaving her with a significantly larger left breast. Dr. Kim was recommended to Stipp by a neighbor and by Stipp's sister, who was a nurse at the Hospital. Stipp visited Dr. Kim's offices in Exton, Pennsylvania twice before the surgery. She had lab tests performed at the Hospital prior to the surgery, and had the actual surgery and post-operative care at the Hospital. Dr. Kim visited her at the Hospital following her surgery. Stipp alleges that neither Dr. Kim nor the Hospital informed her that Dr. Kim was an independent contractor and not an employee of the Hospital. According to the Complaint, the surgery has caused Stipp a great deal of mental pain and suffering, will require her to submit to a second bout of surgery and its concomitant side effects, and caused past, present and future lost earnings and earning capacity. Jerry Stipp alleges derivative injuries of loss of consortium. The plaintiffs' claims against the Hospital are an ostensible agency claim under Count I, a corporate negligence claim under Count III and a loss of consortium claim in Count IV. The Hospital seeks summary judgment on all claims.

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909

F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) *(citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

## DISCUSSION

### 1. OSTENSIBLE AGENCY

█ In Pennsylvania, an independent contractor doctor can be an ostensible agent of a hospital if (1) the patient looks to the hospital for care, not the individual doctor, and (2) the hospital holds the doctor out as its employee. *Simmons v. St. Clair Mem. Hosp.,* 332 Pa.Super. 444, 452, 481 A.2d 870, 874 (1984) (citing *Capan v. Divine Providence Hosp.,* 287 Pa.Super. 364, 368–70, 430 A.2d 647, 649–50 (1980)). Ostensible agency is typically found in the emergency room setting, where a patient goes to the emergency room of a hospital for services and accepts them from whichever doctor is assigned to her case.

The Hospital asserts that summary judgment is appropriate on Count I because Dr. Kim was an independent contractor, and not its employee. Therefore, it argues, he was not the Hospital's agent. The Hospital argues further that Stipp has not presented evidence that shows that she looked to the Hospital, and not Dr. Kim, for care, and therefore, he was not the Hospital's ostensible agent, either.

Stipp rebuts this argument with an affidavit wherein she avers "[d]uring the time that I was Dr. Kim's patient, I was always under the impression that he was an employee or working for the hospital. I drew that impression not only from the recommendation by my sister, who was an employee of the hospital, but also based upon the location of the surgery and his follow-up visit with me while I was hospitalized." She points to the facts that she had lab work done at the Hospital and that the Hospital did not deny an association with Kim as further support for her ostensible agency claim.

█ We find that Stipp has not presented us with evidence that creates a genuine issue of material fact on this claim. She presents evidence that she looked to the Hospital for care, but does not present any evidence that the Hospital held Dr. Kim out as its agent. Although her sister was employed as a nurse of the Hospital, Stipp does not allege that her sister was acting as an agent of the Hospital when she recommended Dr. Kim to Stipp. Stipp alleges that the Hospital did not deny a relationship with Dr. Kim, but a failure to deny does not rise to the level of "holding out." This is especially clear when the facts of this case are compared with the type of case where ostensible agency has typically been found; the emergency room setting.

In sum, Stipp has not shown that there is a genuine issue of material fact as to whether the Hospital held Kim out as its agent. Accordingly, we grant summary judgment for the Hospital on Count I.

### 2. CORPORATE NEGLIGENCE

Count III is a corporate negligence claim against the Hospital. In *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991), the Supreme Court of Pennsylvania held that "[c]orporate negligence is a doctrine under which the hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital." *Id.* at 339, 591 A.2d at 707. The Supreme Court found four areas of duty owed by a hospital:

(1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;

(2) a duty to select and retain only competent physicians;

(3) a duty to oversee all persons who practice medicine within its walls as to patient care; and

(4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients.

*Id.* (citations omitted).

Plaintiffs' Complaint alleges that with respect to bilateral reduction mammoplasties, the Hospital (1) failed to monitor the competence of the members of its medical staff, and the adequacy and propriety of the diagnostic surgical skill and treatment rendered to its patients, (2) failed to use regulations to rea-

sonably prevent improper and inappropriate surgical techniques, and (3) failed to properly select, train, supervise and oversee surgeons practicing within the Hospital as well as its agents, employees, apparent agents and ostensible agents and/or independent contractors performing surgical procedures within the confines of the Hospital.

The Hospital argues that summary judgment is appropriate on Count III because plaintiffs have not presented any expert testimony to support a negligence claim against the Hospital. In their Memorandum of Law in opposition to this Motion, plaintiffs fail to indicate either that they do have expert testimony to support the claim, or alternatively, that expert testimony is not needed for a corporate negligence claim.

■ More fatal to their claim, however, is plaintiffs' failure to present any evidence or argument regarding their corporate negligence claim at all. In a motion for summary judgment, a party cannot simply "rest upon the mere allegations" of their pleadings. Fed.R.Civ.R. 56(e). While plaintiffs' Complaint adequately states a cause of action under a corporate negligence theory, their burden to survive a summary judgment motion is higher. *Petruzzi's IGA Supermarkets v. Darling–Delaware Co.*, 998 F.2d 1224 (3d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 554, 126 L.Ed.2d 455 (1993); *Colgan v. Fisher Scientific Co.*, 935 F.2d 1407 (3d Cir.), *cert. denied*, 502 U.S. 941, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991). Plaintiffs must present evidence that supports their allegations, in the form of affidavits or otherwise. *Id.;* Fed.R.Civ.P. 56(e).

Even drawing all inferences in plaintiffs' favor, there is nothing in the record to controvert the Hospital's assertion that there are no issues of material fact on this claim. Plaintiffs have not presented this Court with any evidence that would indicate that the Hospital had any of the duties that allegedly make up the corporate negligence claim, or that it breached those duties. *Nason*, 527 Pa. at 339, 591 A.2d at 707. Given the present state of the record, we grant summary judgment on Count III.

## 3. LOSS OF CONSORTIUM

■ Count IV is a loss of consortium claim by Jerry Stipp against Dr. Kim and the Hospital. A loss of consortium claim is derivative of the primary tort claims. *Oliver v. Johnson & Johnson*, 863 F.Supp. 251, 252 (W.D.Pa.1994); *Kriscuinas v. Union Underwear Co.*, 1994 WL 523046, at *3 (93–4216 Sept. 27, 1994). Above, we granted summary judgment in favor of the Hospital on each of Stipp's claims against the Hospital.

■ Because Jerry Stipp's claim is derivative of his wife's claims, it must be dismissed as well. *Diaz v. Johnson Matthey, Inc.*, 869 F.Supp. 1155, 1167 n. 1 (1994) (wife sought damages for loss of consortium; court held "to the extent we hold that [her husband's] claim is precluded ... [her] claim will also be barred"). Accordingly, summary judgment is granted for the Hospital on Count IV.

An appropriate Order follows.

### ORDER

AND NOW, this 31st day of January, 1995, upon consideration of Defendant, Chester County Hospital's Motion for Summary Judgment and responses thereto, the Motion is hereby GRANTED. Summary Judgment is hereby ENTERED for Defendant Hospital on Counts I, III and IV.